<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PASHKO, et al.**  Plaintiffs,  v.  **BANK OF AMERICA N.A., et al.,**  Defendants. | **Civil Action No. 14-3649 (ES) (JAD)**  **OPINION** |

**SALAS, DISTRICT JUDGE**

**I.   INTRODUCTION**

Pro-se Plaintiffs Victor Pashko and Oksana Karpenko allege that Defendants Bank of America N.A. and Bank of America Home Loans Servicing, L.P.[1] (collectively "BANA") acted illegally when foreclosing on Plaintiffs' mortgage. Pending before this Court is Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 5). The Court has considered the parties' submissions and resolves Defendants' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Because Plaintiffs' claims are all germane to an underlying state court foreclosure action in which summary judgment was granted against Plaintiffs, the Court grants Defendants' motion and dismisses Plaintiffs' complaint *without* prejudice under the entire controversy doctrine.

---

[1] According to Defendants, "Bank of America Home Loans Servicing, L.P. merged with and into Bank of America, N.A. on July 1, 2011." (D.E. No. 5-1, Defendants' Memorandum of Law in Support of Its Motion to Dismiss the Complaint ("Def. Mov. Br.") at 1 n.1).

## II.     FACTUAL & PROCEDURAL BACKGROUND

On April 27, 2006, Plaintiffs executed a fixed rate note (the "Note") in favor of BANA in the amount of $356,000.00, and Plaintiffs granted a purchase money mortgage (the "Mortgage") to BANA, secured by the property at 417 William Street, Boonton, New Jersey (the "Property") (collectively the "Loan").[2]  (Def. Mov. Br. at 1).  According to Defendants, Plaintiffs defaulted on the Loan on or about February 1, 2009.  (*Id.*).  BANA filed a complaint for foreclosure on or about February 10, 2010 in the Superior Court of New Jersey, Chancery Division, Morris County, docket number F-9097-10.  (*Id.*; *see also* D.E. No. 5-4).  Plaintiffs filed an answer with counterclaims on or about April 12, 2010.  (Def. Mov. Br. at 1).  On September 21, 2010, BANA obtained summary judgment against Plaintiffs.  (D.E. No. 5-4).  The matter was dismissed for failure to prosecute, but was reinstated on January 24, 2014.  (Def. Mov. Br. at 2).  The matter is still pending before the Superior Court of Morris County, Chancery Division.  (*Id.*).

On June 6, 2014, Plaintiffs filed the instant action against BANA alleging violations of the Fair Credit Reporting Act ("FCRA"), Negligent Hiring and Supervision, violations of the Fair Debt Collection Practices Act ("FDCPA"), and "Wrongful Foreclosure."  (D.E. No. 1, Complaint ("Compl.") at 6–13).  Plaintiffs contend that they are "without specific knowledge" about the Loan and that BANA has "fail[ed] to prove the existence of the alleged debt owed to [BANA]."  (*Id.* ¶¶ 7, 9).

Defendants argue that Plaintiffs' claims are barred by the New Jersey Entire Controversy Doctrine, because they are germane counterclaims that may only be properly brought in the foreclosure matter in state court.  (Def. Mov. Br. at 2).  Alternatively, BANA argues that even if

---

[2] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).

Plaintiffs' claims could be brought in this Court, they nevertheless are without merit and should be dismissed. (*Id.* at 2).

### III.   LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (citation omitted).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Third Circuit has held that the Court can review the record of prior actions between the parties and take judicial notice of same in considering a motion to dismiss. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

**IV.    DISCUSSION**

The entire controversy doctrine is intended to prevent piecemeal litigation by requiring the assertion of all claims arising from a single controversy in one action. *See Prevratil v. Mohr*, 678 A.2d 243, 248 (N.J. 1996). Its "purposes are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency . . . ." *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 868 (N.J. 2002).

"Generally speaking, the entire controversy doctrine requires whenever possible all phases of a legal dispute to be adjudicated in one action. At a minimum, all parties to a suit should assert all affirmative claims and defenses arising out of the underlying controversy." *Prevratil*, 678 A.2d at 246. In other words, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)). In applying the doctrine, "the central consideration is whether the claims . . . arise from related facts or the same transaction or series of transactions." *DiTrilio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). The doctrine an "equitable principle under which the Court may exercise its judicial discretion based on the particular circumstances inherent in a given case." *In re Mullarkey*, 536 F.3d at 230 (citing *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 529–30 (N.J. 1995)).

The entire controversy doctrine applies to foreclosure proceedings, but extends only to "germane" counterclaims. *See In re Mullarkey*, 536 F.3d at 228 (citing *Leisure Tech.-Ne. v. Klingbeil Holding Co.*, 349 A.2d 96, 97 (N.J. Super. Ct. App. Div. 1975)); N.J. Ct. R. 4:64-5. In the foreclosure context, germane claims are those "arising out of the mortgage transaction which

is the subject matter of the foreclosure action," *Leisure Tech.-Ne.*, 349 A.2d at 98.  A claim challenging the validity of the underlying loan in a foreclosure action is considered germane and is thus subject to the entire controversy doctrine—*i.e.*, it must be brought as a counterclaim in the foreclosure action.  *See Bank of N.Y. v. Ukpe*, No. 1710-09, 2009 WL 4895253 at *7 (D.N.J. Dec. 9, 2009).

BANA argues that Plaintiffs' claims before this Court are based on the alleged invalidity of the mortgage debt, and that they are thus germane "insofar as they relate to a challenge of validity of the loan and arise out of the mortgage transaction."  (Def. Mov. Br. at 4).  Plaintiffs only provide the Court with a single sentence in opposition: "Bringing forward the Complaint by the Plaintiffs resulted of defendant's continuously violating of FDCPA laws and harming plaintiffs."  (D.E. No. 6, Affirmation of Plaintiffs in Opposition to Defendants' Motion to Dismiss the Complaint ("Pl. Opp. Br.") at 7).

The Court finds that Plaintiffs' claims are barred by the entire controversy doctrine. Plaintiffs' claims are germane because they clearly "aris[e] out of the mortgage transaction which is the subject matter of the foreclosure action."  *Leisure Tech.*, 349 A.2d at 98.  Plaintiffs here are essentially arguing that the mortgage transaction, which is the subject of the foreclosure action in state court, is invalid and that BANA acted illegally in pursuing collection under this allegedly invalid loan. (Pl. Opp. Br. at 4).  Specifically, Plaintiffs allege violations of the FCRA, Negligent Hiring and Supervision, violations of the FDCPA, and "Wrongful Foreclosure" in connection with the Loan that they argue does not exist.  (Compl. at 6–13).  All of these claims arise from the existence of the Loan and BANA's rights thereunder.  *See DiTrilio*, 662 A.2d at 502.  In other words, the validity of the Loan ties in directly with the causes of action asserted in Plaintiffs' Complaint here.  Indeed, a fellow district court has found that a claim challenging the validity of

5

the underlying loan in a foreclosure action is germane to the foreclosure action. *See Bank of N. Y.*, 2009 WL 4895253 at *7.

Moreover, Plaintiffs' claims here were undoubtedly known to Plaintiffs and had accrued at the time of the underlying action. *See Mystic Isle*, 662 A.2d at 530 (citations omitted). Even if Plaintiffs did not know specifically that BANA's collection efforts were "arguably in violation of federal and state law and court rules, at a minimum, [they were] aware" of the allegedly illegal collection efforts. *See Oliver v. Am. Home Mortgage Servicing, Inc.*, No. 09-0001, 2009 WL 4129043, at *3 (D.N.J. Nov. 19, 2009). Plaintiffs filed an Answer with Counterclaims on or about April 12, 2010, (Def. Mov. Br. at 1), and thus, clearly had an opportunity to raise the claims presently before the Court in the state court proceeding. Plaintiffs had "immediate recourse with the chancery judge in the foreclosure action" for issues concerning BANA's collection efforts related to the mortgage, yet Plaintiffs "failed to take that route as [they were] required to." *Id.* Additionally, the crux of Plaintiffs' claims is their assertion that the Loan was invalid. (*See* Compl. ¶¶ 7, 9). However, the Honorable Stephen C. Hansbury, J.S.C. granted summary judgment in favor of BANA in the state court action, and thus determined that the Loan is legitimate and that BANA is entitled to recovery. (*See* D.E. No. 5-4). Consequently, Plaintiffs' claims here must be dismissed.

Nevertheless, New Jersey courts applying the entire controversy doctrine have "displayed a heightened concern for pro se litigants." *In re Mullarkey*, 536 F.3d at 230 (citing *Cafferata v. Peyser*, 597 A.2d 1101, 1104, (N.J. Super. Ct. App. Div. 1991)). In the interests of justice, and because the Court had discretion over the application of the doctrine, *In re Mullarkey*, 536 F.3d at 230, the Court will grant Plaintiffs an opportunity to amend their complaint and specifically address why their claims are not germane to the underlying foreclosure action.

## V.     CONCLUSION

For the reasons above, the Court GRANTS BANA's motion to dismiss *without* prejudice. An appropriate order accompanies this opinion.

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**
